## Case No. 13,448.

### In re STILLWELL.

[7 N. B. R. (1873) 226; [1] 11 Am. Law Reg. (N. S.) 706.]

### District Court, D. Kansas.

BANKRUPTCY—CHOICE OF ASSIGNEE—RIGHT TO VOTE—SECURED CREDITOR.

A creditor whose proof of debt shows that his debt is secured by mortgage on real estate of the bankrupt, but which also shows that it is the bankrupt's homestead, and is occupied by him as such, is entitled to vote upon his whole claim at the meeting of creditors for the choice of assignee.

At the meeting of creditors for the choice of assignee. held before Hiram Griswold, register, the Capital Bank of Topeka filed its proof of debt for two thousand dollars. The proof of debt disclosed the fact that the debt was secured by a mortgage upon the real estate of the bankrupt, the real estate being the homestead of the bankrupt and occupied by him as such. It was objected by other creditors that the bank could not participate in the election of an assignee because its debt was secured by mortgage upon the property of the bankrupt. This objection was overruled by the register, and by request of counsel the question was certified to the court for decision.

By HIRAM GRISWOLD, Register:

In holding that the Capital Bank might vote in the choice of an assignee, I did not intend my decision to come in conflict with those decisions in which it has been held that a creditor whose debt is secured by a mortgage upon the bankrupt's property, cannot vote at the election of an assignee. I recognize those decisions as correct. I put mine upon the ground that the bank was not a secured creditor within the spirit and meaning of those decisions. It is clearly established that a creditor holding a security upon the property of a third party, or which is secured by the endorsement of a third party, is not precluded from voting. Such, in effect, is the position of the bank in this case. True, it has a mortgage on real estate owned by the bankrupt; but the proof shows that it is his homestead and occupied by him as such. That, so far as it bore on the question before me, was an established fact; that was the proof. Being a homestead, it was property in which the creditors have no interest. It does not pass to the assignee by the

assignment. The bankrupt court has nothing to do with it—has no control over it. In such a case the creditor may prove up his whole debt and share equally with others in any dividend made from the proceeds of other property of the bankrupt. He is not required to exhaust such security and then look to the estate for the remainder. If this were so, other creditors would, in effect, subject the homestead to the payment of their debts, and thus the beneficent provision of the act, that the title of the bankrupt to the exempted property "shall not be impaired or affected by any of the provisions of the act," would be nullified and made of no effect. If such a creditor may prove and collect his whole debt from the estate. for the same reason he may vote upon his debt in the choice of an assignee. The value of his debt, as against the estate, is known. and no reason exists why the value of the security should be ascertained and deducted from it before he can vote.

G. C. Clemens, for objecting creditors.
N. C. McFarland, for Capital Bank.

DELAHAY. District Judge. The question submitted to the court in this case is, whether a creditor having a mortgage upon the homestead of the bankrupt, to secure his demand, has the right to prove his demand and vote on the choice of an assignee of the bankrupt's estate. The thirteenth section of the bankrupt law [of 1867 (14 Stat. 522)] provides who may legally vote for an assignee in the following language, to wit: "The choice to be made by the greater part in value and in number of the creditors who have proved their debts." The twenty-second section of the same law provides as follows, to wit: "To entitle a claimant against the estate of a bankrupt to have his demand allowed. it must be verified by a deposition in writing. on oath or solemn affirmation before the proper register or commissioner, setting forth the demand; the consideration thereof; whether any and what securities are held therefor, &c;" evidently contemplating that all demands, whether secured or otherwise, shall be proven in the manner indicated in said twenty-second section. If these two sections were alone to be considered, there would be no difficulty in deciding this question. since the thirteenth section of the law provides that all who have proven their demands may vote. and the twenty-second section provides that all creditors with. as well as without. security may prove their demands. But the twentieth section has apparently placed a limitation on this right which we must next consider. The language of said section, so far as it relates to this question. is as follows: "Where a creditor has a mortgage or pledge of real or personal property of the bankrupt, or a lien thereon, for securing the payment of a debt owing to him from the bankrupt. he shall be admitted as a creditor only for the

---

[1] [Reprinted from 7 N. B. R. 226, by permission.]

balance of the debt, after deducting the value of such property. to be ascertained by agreement between him and the assignee, or by a sale thereof, to be made in such manner as the court shall direct."

Bump, Bankr. (4th Ed.) 123, makes this broad declaration: "A secured creditor cannot vote." This statement is much broader than the law will sustain, for unquestionably a creditor who has an endorser for security, or who holds a mortgage on other than the bankrupt's property, is not prohibited from voting, and by the terms of the law, only such as have liens upon the property of the bankrupt are not permitted to be admitted as creditors. To sustain his statement he cites three cases, one of which does not discuss this question, and the other two are not agreed, one being on each side of the question, thus in effect leaving it open and unsettled. The attorneys in this case seem to have accepted qualifiedly Mr. Bump's statement, and have failed to discuss the point as to what is the true construction to be given to the twentieth section quoted above. I am unable to see in what manner the fact that the mortgage is upon the homestead rather than any other piece of the bankrupt's property, can alter the construction to be given to the twentieth section of this law. But it seems there is a distinction between proving a claim or debt and being admitted a creditor, in this, that the proof of debt is the preliminary step only towards the admission to the ranks of a creditor, under this law. A debt may be proven while the judicial act of admitting or allowing the claim may be entirely omitted, or the claim may be rejected. The language used in the thirteenth section, to wit, "have proven their debts," evidently refers to and intends only the deposition indicated in the twenty-second section, and does not intend and mean that there shall be a judgment final, such as is implied in the twentieth section, when it uses the words "admitted a creditor," which carries with it the idea of adjudication after proof offered. It is not difficult to imagine a case where every creditor could have some lien such as would come within the provisions of the twentieth section, and if no one such creditor could vote for an assignee, as contended for by the attorneys for the objecting creditors in this case, it might be questionable whether any assignee could legally be appointed, because there might be opposing interests from such prospective creditors, and the law fails to provide that such interest shall proceed only from creditors who have "proved their debts." I am of the opinion, therefore, that the register did right in allowing the mortgagee to vote on the election of an assignee.

[NOTE. A bill in equity was subsequently brought by the assignee against the Capital Bank. to set aside a mortgage made by the bankrupt to his wife. the claim being fraudulent preference. The bill was dismissed. Case No. 11,869.]